Anthony MCNEIL, Appellant

v.

Annette RIZZO.

No. 05-3209.

United States Court of Appeals, Third Circuit.

Submitted Under 28 U.S.C. § 1915(e)(2)(B) Sept. 1, 2005.

Decided Sept. 20, 2005.

Anthony McNeil, Houtzdale, PA, pro se.

Before SLOVITER, FUENTES and NYGAARD, Circuit Judges.

OPINION

PER CURIAM.

Appellant Anthony McNeil appeals from the dismissal of his complaint under 28 U.S.C. § 1915(e)(2)(B). The complaint fails to state a claim upon which relief can be granted and seeks monetary relief against a party who is immune. We will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

On May 11, 2005, McNeil filed a complaint alleging that he is unlawfully incarcerated at SCI–Houtzdale. He complains that he is not under any sentence and has no charges currently pending. However, he names only one Defendant, Court of Common Pleas Judge Annette Rizzo. The District Court found that Judge Rizzo is absolutely immune to suit in her judicial capacity and dismissed the complaint pursuant to § 1915(e)(2)(B). The Court also held that if McNeil is unlawfully incarcerated, a habeas petition under 28 U.S.C. § 2254 is the appropriate method for obtaining relief.

We have jurisdiction under 28 U.S.C. § 1291. We will dismiss an appeal under § 1915(e)(2)(B)(i) when the appeal is completely lacking in legal or factual merit. See *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Assuming arguendo that McNeil is unlawfully incarcerated, an assumption which the record does not support,[1] Judge Rizzo is still entitled to absolute immunity. *See*

1. The Magistrate Judge attached to his report and recommendation McNeil's Pennsylvania Superior Court docket. The docket reflects that McNeil was convicted of multiple of-
fenses on July 1, 2003. The Superior Court affirmed his conviction and sentence on January 26, 2005. Contrary to McNeil's assertion,

*Mireles v. Waco*, 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Only two exceptions to judicial immunity exist. A judge is not immune from liability for non-judicial acts, and a judge is not immune when an act, even if judicial in nature, is taken in the absence of jurisdiction. *Id.* at 11, 112 S.Ct. 286. McNeil does not argue, and the record does not support, that either exception applies. Additionally, to the extent McNeil seeks to challenge the fact of his confinement, a petition pursuant to 28 U.S.C. § 2254 is the exclusive method for seeking relief. *See Heck v. Humphrey*, 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)).

For the foregoing reasons, the appeal is frivolous. Accordingly, we will dismiss.

it does not appear that he is being held for no reason.